UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAMROEURN PHONN, | Case No. ED CV 09-1285-PJW |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | |
| Defendant. | |

## I. INTRODUCTION

Before the Court is Plaintiff's appeal from a decision by Defendant Social Security Administration ("the Agency"), denying his application for supplemental security income ("SSI"). Plaintiff claims that the Administrative Law Judge ("ALJ") erred when he: 1) failed to properly consider the opinion of Plaintiff's treating physician; 2) failed to develop the record with respect to the treating physician's opinion; and 3) concluded that Plaintiff could perform the jobs of hand packager and kitchen helper. Because the Agency's decision that Plaintiff was not disabled within the meaning of the Social Security Act is supported by substantial evidence, it is affirmed.

## II. SUMMARY OF PROCEEDINGS

Plaintiff applied for SSI on March 16, 2006, alleging that he had been unable to work since January 1, 1999, because of asthma and back and neck pain. (Administrative Record ("AR") 10, 114, 118.) The Agency denied the application initially and on reconsideration. (AR 52-56, 59-63.) Plaintiff then requested and was granted a hearing before an ALJ. (AR 65, 73-75.) Plaintiff appeared at the hearing with counsel and testified. (AR 21-32.) Subsequently, Plaintiff requested and was granted a supplemental hearing, at which a medical expert and a vocational expert testified. (AR 33-48.) On July 16, 2003, the ALJ issued a decision, finding that Plaintiff was not disabled. (AR 10-18.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-4.) He then commenced this action.

## III. DISCUSSION

1. <u>The ALJ's Rejection of the Treating Physician's Opinion</u>

In his first claim of error, Plaintiff contends that the ALJ erred when he rejected the treating doctor's opinion. (Joint Stip. 3-5, 10-11.) For the following reasons, the Court concludes that the ALJ's rejection of the treating doctor's opinion was not erroneous.

A treating physician's opinion is generally entitled to greater weight than a non-treating physician's opinion. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)); *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes*, 881 F.2d at 751. The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and whether it is consistent with

other evidence in the record. *See* 20 C.F.R. § 404.1527(d)(2). Where, as here, the treating physician's opinion is contradicted, an ALJ may reject the opinion by providing "'specific and legitimate reasons'" for doing so that are supported by substantial evidence. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (quoting *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

In 2005 and 2006, Dr. Truong completed three pre-printed, check-the-box forms in which he repeatedly opined that Plaintiff's asthma and fatigue left him unable to work. (AR 188-91.) Subsequently, in 2007, at the request of Plaintiff's attorney, Dr. Truong filled out another, slightly more detailed form, in which he indicated, among other things, that Plaintiff's asthma would cause him to miss work about twice a month and that Plaintiff should avoid exposure to various air pollutants and extreme cold and heat. (AR 220-21.)

The ALJ ultimately rejected Dr. Truong's opinion. In doing so, he found that Dr. Truong had failed to include any basis for his conclusions contained in the check-the-box forms and that the medical record did not support these conclusions. (AR 14.) The ALJ also noted that Dr. Truong's opinion could not be reconciled with his treatment notes or with the relatively conservative treatment that he had prescribed for Plaintiff. (AR 14.) Further, the ALJ found that Dr. Truong's opinion regarding the purportedly debilitating impact of Plaintiff's asthma conflicted with other medical evidence in the record. (AR 14.) These are specific and legitimate reasons for discounting Dr. Truong's opinion and they are supported by substantial evidence in the record. For this reason, the ALJ's decision will not be disturbed. *See Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003) (holding ALJ properly rejected treating physician's opinion

where physician's "extensive conclusions regarding [claimant's] limitations are not supported by his own treatment notes"); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that ALJ properly discredited doctor's opinion where doctor's responses to questionnaire were inconsistent with doctor's own medical records).[1]

Plaintiff argues that, because the ALJ did not specifically discuss each finding in Dr. Truong's Residual Functioning Capacity Report (AR 220-21), the matter must be remanded. Again, the Court disagrees. An ALJ is not required to discuss every piece of evidence in the record. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (holding ALJ is not required to discuss every piece of evidence so long as the decision is supported by substantial evidence). Rather, he need only explain why significant probative evidence has been rejected. *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (per curiam). And, as explained above, the ALJ did that. He found that Dr. Truong's overall opinion that Plaintiff's asthma would preclude him from working was not supported by the record. He was not required to discuss each conclusion drawn by Dr. Truong, e.g., that Plaintiff's asthma would cause him to miss two days of work each month or that he should not be in an environment with extreme heat or cold. For these reasons, this claim is denied.

---

[1] The strength and persuasiveness of a treating doctor's opinion stem from the medical records that the doctor accumulates over the course of treatment of the patient. Where, as here, the records do not support the doctor's opinion, the opinion is rendered weak and unpersuasive.

2.   <u>The ALJ's Failure to Develop the Record</u>

Plaintiff contends that, if the ALJ believed that Dr. Truong's treatment records were insufficient to support his conclusion that Plaintiff was disabled, he should have obtained additional records from Dr. Truong.  For the following reasons, the Court disagrees.

Though an ALJ has a special duty to fully and fairly develop the record, even when a claimant is represented by counsel, that duty is not triggered unless the record is ambiguous or inadequate for proper evaluation.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).  There was nothing ambiguous about Dr. Truong's opinion or the records submitted from his office.  The reason Dr. Truong's opinion was discounted was because the treatment records did not support the level of impairment found by him.  And, in the two years since the ALJ rendered his decision, Plaintiff has not presented anything from Dr. Truong that would call into question the ALJ's findings regarding Dr. Truong's opinion.  As such, these claims do not merit relief.

3.   <u>The ALJ's Finding that Plaintiff Could Perform Work as a Hand Packager and as a Kitchen Helper</u>

In his third claim of error, Plaintiff contends that the ALJ erred when he accepted the vocational expert's testimony that Plaintiff could perform the jobs of hand packager and kitchen helper, despite the fact that Dr. Truong concluded that Plaintiff should not be exposed to extreme heat or cold and the ALJ found that Plaintiff should not be around hazardous machinery.  (Joint Stip. 12-15.)  For the following reasons, this claim is rejected.

A hypothetical question that does not include all of a claimant's properly supported restrictions is legally inadequate.  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006).  An ALJ may,

5

however, limit the hypothetical to only those restrictions that are supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

As noted above, the ALJ properly rejected Dr. Truong's opinion, which included a restriction for working in extreme heat or cold. For this reason, he was not required to include this limitation in the hypothetical question to the vocational expert. *Id.* at 1217-18 (upholding ALJ's hypothetical question that contained only limitations found credible and supported by substantial evidence in the record).

Plaintiff argues that the vocational expert must have deviated from the Dictionary of Occupational Titles ("DOT") as to the kitchen helper job because that job requires the use of a knife to peel vegetables and the ALJ found that Plaintiff should not be around hazardous machinery. (Joint Stip. at 13-14.) This argument is rejected. A knife is a tool; it is not a hazardous machine. Nothing about this case suggests that Plaintiff was restricted from using a knife, which he presumably uses on a daily basis to cut his food when he eats.

Similarly, Plaintiff's argument that he could not perform the kitchen helper and hand packager jobs as described in the DOT because both required him to operate a conveyor belt, another hazardous machine, is also without merit. Plaintiff has provided no authority for the proposition that a conveyor belt is a hazardous machine and the Court has not found any on its own. Common sense suggests that it

is not.  That, combined with the fact that the vocational expert testified that he was not departing from the DOT, is enough to uphold the ALJ's finding on this issue.

## IV. CONCLUSION

For these reasons, the Agency's decision is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: <u>July  20, 2010</u>.

*Patrick J. Walsh*
_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\PHONN\M&O Phonn (09-1285 (PJW)).wpd